JAMES POLLOCK, JR., *v.* JOHN H. EHLE, impleaded with HENRY MEYER.

Filing a notice of claim under the mechanics' lien law of 1851, and creating a lien upon a building for materials furnished to the owner, forms no bar to a distinct personal action against him for the price or value thereof. (*a*)

An application for an adjournment to enable a party to procure further testimony should be made before the commencement of the trial, and it is the duty of a justice to deny such application when made by a defendant after the plaintiff's evidence is closed.

A sale is presumed to be for cash, unless the giving of a credit is proven.

Where a bill for goods sold includes a charge for interest upon the price, and the purchaser, upon its presentation to him, promises to pay the bill as made out, the allowance of interest down to the time of trial is proper.

GENERAL TERM, DECEMBER, 1854.

THE plaintiff sold and delivered to the defendants, upon their joint order, lime, cement and laths, which were used in the erection of a building owned by the defendant, Ehle. The notice of claim, prescribed in the sixth section of the mechanics' lien law of 1851, was filed by the plaintiff, and a lien was effected upon the building for the price of the materials furnished as above stated.

---

(*a*) In *Gridley* v. *Rowland*, (1 E. D. Smith, 670,) it was held, that the pendency of an action under the lien law against the owner, for a claim against the contractor, is no defence to a distinct action therefor, *against the contractor*, at the same time. The proceeding under the lien law is the foreclosure of a security, and is not a bar to a suit against the debtor. See, also, *Maxey* v. *Larkin, ante,* p. 540.

Without immediately proceeding to foreclose the lien, the plaintiff brought a personal action against the defendants in the Sixth District Court, to recover the price and interest from the day of sale.

The defendant, Ehle, appeared and answered, first, by a general denial of indebtedness, except as to nineteen barrels of lime, valued at $21 ; and secondly, that the plaintiff had filed a lien for the claim in suit.

It appeared in evidence that a bill for the price of the materials, with a sum charged for interest thereon, had been presented to the defendants, who thereupon examined and promised to pay it.

At the close of the plaintiff's testimony, an adjournment was applied for, on the part of the defence, for the purpose of producing proof of the creation of the lien above mentioned. The justice denied the application, and gave judgment for the plaintiff, from which the defendant, Ehle, appealed to this court.

*John H. Ehle,* in person.

*James G. McAdam,* for the plaintiff.

By THE COURT. INGRAHAM, FIRST J.—The action was for goods sold and delivered. The defendant, Ehle, answered the complaint by a general denial, except in reference to nineteen barrels of lime, for which he admitted his indebtedness as charged in the complaint. He also set up as a bar to the action, the acquirement by the plaintiff, under the mechanics' lien law, of a lien for the same claim. The evidence established a sale and delivery, upon the orders of both defendants, of the articles for which the plaintiff claimed payment, also the subsequent presentation of a bill, and the promise of both defendants to settle it. The interest which had accrued upon the account since it was presented to the defendants and acknowledged to be correct, was proved by one of the witnesses. The account, when presented, was made up with interest to the day of the presentment.

The facts proven were fully sufficient to warrant the judgment, and there is no ground for sustaining the appeal.

The return does not show that any evidence was objected to, except as to interest. This was properly allowed. A sale of goods, unless the giving of a credit is proven, is presumed to be for cash; and after a bill is presented, in which interest is charged and the debtor promises to pay it, the allowance of interest down to the time of the trial is proper.

The justice was right in refusing to adjourn, to allow the defendant to obtain testimony. The defendant should have been prepared for trial at the time, or if he had any ground for postponement, he should have applied for it before commencing the trial. Besides, the evidence he wished to procure, would furnish no defence to the action, and should have been excluded if offered.

The judgment should be affirmed.